*E-FILED: 10/9/2007*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CORETTA R. BAKER, | No. C07-01612 HRL |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| DEPARTMENT OF THE NAVY, DR. DONALD C. WINTER, Secretary, | [Re: Docket No. 19] |
| Defendants. | |

## I.  BACKGROUND

Pro se plaintiff Coretta R. Baker filed the instant action pursuant to Title VII, 42 U.S.C. § 2000e-5 ("Title VII"), alleging employment discrimination. In December 2005, she was terminated from her position as an aide at the Navy's Child Development Center in Monterey, California. Plaintiff claims that defendant's conduct was discriminatory with respect to her race/color and religion. Defendant contends that Baker was fired for poor performance and several incidents of misconduct.

Defendant now moves for summary judgment[1] on the grounds that Baker failed to exhaust her administrative remedies and, further, failed to timely file the instant action. In its moving papers, defendant provided Baker with notice of the requirements of Federal Rule of

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

1  Civil Procedure 56 pertaining to summary judgment and the consequences of such a motion.[2]
2  Although the motion was duly served on plaintiff by mail at her address of record, plaintiff filed
3  no opposition papers by the August 14, 2007 deadline. *See* Civ. L.R. 7-3(a) ("Any opposition
4  to a motion must be served an filed not less than 21 days before the hearing date.").

5  There was no appearance by plaintiff when the court initially called the matter on the
6  September 4, 2007 civil law and motion calendar. However, the case was recalled when she
7  made a belated appearance at the courthouse and indicated that she wished to oppose the
8  motion. Plaintiff acknowledged receiving and reading defendant's summary judgment motion,
9  but indicated that she did not realize that she was obliged to file an opposition in writing.
10 Although plaintiff did not show good cause for having missed the filing deadline, the court
11 granted her additional time to submit an opposition. Defendant was permitted to file a reply.
12 Briefing is now complete, and the matter is ready for determination. Upon consideration of the
13 papers submitted,[3] as well as the arguments presented at the September 4, 2007 motion hearing,
14 this court GRANTS the motion.

## II.   LEGAL STANDARD

16 A motion for summary judgment should be granted if there is no genuine issue of
17 material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P.
18 56(c)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears
19 the initial burden of informing the court of the basis for the motion, and identifying portions of
20 the pleadings, depositions, answers to interrogatories, admissions, or affidavits which
21 demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S.
22 317, 323 (1986). In order to meet its burden, "the moving party must either produce evidence

---

[2]   *See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

[3]   Other than her opposition to the instant motion, plaintiff has, in the course of this action, filed various other documents with the court, including copies of what apparently are her initial disclosures and a document entitled "Plaintiff's Case Management." Although it is not the court's task to scour the record in search of a genuine issue of triable fact, *see Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996), this court has reviewed all of plaintiff's other filings in this case. In those documents, plaintiff reiterates her contention that she has proceeded in a timely fashion. However, nothing in those documents raises a genuine issue of material fact as to the timing issues under consideration here.

2

negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. *See* FED. R. CIV. P. 56(e); *Nissan Fire & Marine Ins. Co., Ltd.*, 210 F.3d at 1102. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. *See id.* A genuine issue of fact is one that could reasonably be resolved in favor of either party. A dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248-49.

"When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the moving party meets this burden, the nonmoving party may not rest upon mere allegations or denials, but must present evidence sufficient to demonstrate that there is a genuine issue for trial. *Id.*

### III. DISCUSSION

As discussed with plaintiff at the motion hearing, defendant moves for summary judgment on the ground that she failed to timely act at three critical junctures. Specifically, it contends that she failed to timely (a) submit an administrative complaint with the agency; (b) appeal the agency's dismissal of her complaint; and (c) file the instant action within the time period mandated under Title VII.

**A.     Plaintiff's Untimely Filings**

Except as otherwise noted, the facts pertinent to the resolution of the instant motion are largely undisputed.

3

### 1. Plaintiff's Administrative Complaint

The Equal Employment Opportunity Commission (EEOC) regulations require "[a]ggrieved persons" to "consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." *See* 29 C.F.R. § 1614.105(a). If the matter is not resolved, then the Counselor must advise the aggrieved person in writing of the right to file a discrimination complaint. *Id.*, § 1614.105(d). After receipt of this notice, the aggrieved person has fifteen days to file an administrative complaint with the agency. *Id.*

In the instant case, there is no dispute that, after plaintiff's initial consultation, the EEO office issued a Notice of Right to File a Discrimination Complaint. (Scharf Decl., Ex. B). That notice advised that a complaint must be "filed within fifteen (15) calendar days after receipt of this notice" in order to be considered timely. (*Id.*). Plaintiff acknowledges that she received the notice on March 20, 2006. (*See* Plaintiff's Opp. at p. 1; *see also* Scharf Decl., Ex. C). Thus, she had until April 4, 2006 to file a formal discrimination complaint.

Defendant contends that plaintiff's complaint was not mailed until April 6, 2006. (*See* Scharf Decl., Ex. D). Plaintiff has submitted a postal receipt to support her contention that she mailed her complaint a day earlier on April 5, 2006. (*See* Plaintiff's Opp. at p. 1 and attachments). Although plaintiff's receipt contains no recipient and address information, the April 5, 2006 mailing date is also supported by defendant's own documents. (*See* Scharf Decl., Ex. E). Even so, her complaint was still untimely by one day.

### 2. Plaintiff's Appeal of the Agency's Dismissal

When an agency dismisses a complaint, the EEOC regulations require appeals to be filed within 30 days of receipt of the dismissal. 29 C.F.R. §§ 1614.401(a), 1614.402(a). Where, as here, a complainant is representing herself, the 30-day time period "shall be calculated from the receipt of the required document by the complainant." *Id.*, § 1614.402(b).

The uncontroverted evidence shows that, on May 25, 2006, the Department of the Navy dismissed plaintiff's administrative complaint as untimely. (*See* Scharf Decl., Ex. E). The notice of dismissal advised that plaintiff could file an appeal "at any time within the thirty (30) calendar days after receipt of this decision." (*Id.*). Plaintiff acknowledges receipt of this notice

4

on May 27, 2006 (*see* Scharf Decl., Ex. F; Plaintiff's Opp. at p. 1). Her appeal was therefore due by June 26, 2006. She did not mail her appeal until July 5, 2006 (*see* Plaintiff's Opp. at p. 1) – i.e., nine days too late.

### 3. Plaintiff's Filing of the Instant Lawsuit

"Before a claimant can file a Title VII civil action she must file a timely charge of discrimination with the EEOC." *Nelmida v. Shelley Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997). "If the EEOC dismisses the charge, a claimant has ninety days to file a civil action." *See id.*; *see also* 42 U.S.C. § 2000e-16(c). "This ninety-day period is a statute of limitations." *Id.* (citing *Scholar v. Pacific Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992)). "Therefore, if a claimant fails to file the civil action within the ninety-day period, the action is barred." *Id.*

"We measure the start of the limitations period from the date on which a right-to-sue notice letter arrived at the claimant's address of record." *Payan v. Aramark Mgmt. Servs. Limited Partnership*, 495 F.3d 1119, 1122 (9th Cir. 2007); *see also Nelmida*, 112 F.3d at 384. "Where that date is known, we will deem the claimant to have received notice on that date, regardless of whether the claimant personally saw the right-to-sue letter." *Payan*, 495 F.3d at 1122; *Nelmida*, 112 F.3d at 384. Where the date of receipt is unknown, there exists a rebuttable presumption that the right-to-sue letter was received within three days of its mailing. *Payan*, 495 F.3d at 1124-26.

In the instant case, the EEOC dismissed plaintiff's appeal as untimely. (*See* Scharf Decl., Ex. H). Plaintiff says that she received the EEOC's dismissal and notice of right to sue on November 16, 2006. (*See* Plaintiff's Opp. at p. 1; *see also* Complaint at p. 3 and attachment). The notice advised that plaintiff had "the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that [she] receive[d] this decision." (Scharf Decl., Ex. H). Accordingly, plaintiff was required to file the instant action by February 14, 2007. The instant lawsuit, which was not filed until March 21, 2007, was filed over one month too late.

Based on the foregoing, the court finds that plaintiff failed to act timely at all three stages under review here.

**B.    No Tolling Applies**

Equitable doctrines are available to save otherwise untimely claims. Equitable estoppel "'focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit.'" *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002) (quoting *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000). The doctrine of equitable tolling, on the other hand, "focuses on whether there was excusable delay by plaintiff." *Id*.

In this case, there is no ground for the application of equitable estoppel. It is undisputed that plaintiff was given proper and adequate notice at all stages of the grievance process. Moreover, it is not argued that plaintiff was misled or misinformed by defendant with respect to the applicable deadlines, and there is no evidence in the record to suggest it.

Plaintiff argues only that each of her filings was timely – or that any tardiness should be excused – because she took the required action within a certain number of *business* days. That is, she mistakenly believed that all Saturdays and Sundays were to be excluded in computing the time periods for compliance.

Equitable tolling may be applied where there is excusable ignorance of the limitations period and a lack of prejudice to defendant or where there is no danger of prejudice to defendant and the interests of justice require relief. *Forester v. Chertoff*, __ F.3d __, 2007 WL 2429374, No. 05-016517 at *8 (9th Cir., Aug. 29, 2007). The doctrine "'has been consistently applied to excuse a claimant's failure to comply with the time limitations where she had neither actual nor constructive notice of the filing period.'" *Id*. (quoting *Leorna v. U.S. Dep't of State*, 105 F.3d 548, 551 (9th Cir. 1997)). "Equitable tolling is, however, to be applied only sparingly." *Nelmida*, 112 F.3d at 384 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). "Courts have been generally unforgiving . . . when a late filing is due to claimant's failure 'to exercise due diligence in preserving [her] legal rights.'" *Scholar*, 963 F.2d at 268 (quoting *Irwin*, 498 U.S. at 96).

Here, the record shows that each of the notices in question clearly stated that plaintiff was required to act within the applicable number of *calendar* days. (*See* Scharf Decl., Exs. B, E and H). For purposes of calculating the time period for compliance under the federal rules,

6

weekends and holidays are excluded from the computation only when the time allowed for an act is less than 11 days. *See* FED.R.CIV.P. 6(a). That is not the case here. Even assuming that plaintiff believed that only business days were to be counted in calculating the deadline for the filing of her administrative complaint, as noted above, that complaint was still untimely. Moreover, she has presented no evidence showing that she justifiably continued to exclude weekends in computing compliance periods even after she received notices (*see* Scharf Decl., Exs. E and H) that her administrative complaint and appeal were untimely.

Accordingly, this court finds that dismissal is warranted because plaintiff did not exhaust her administrative remedies, the instant action is time-barred, and no tolling applies.[4]

### IV.  ORDER

Based on the foregoing, IT IS ORDERED THAT defendant's motion for summary judgment is GRANTED.

Dated: October 9, 2007

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[4] The court does not find it necessary to address defendant's additional argument that plaintiff failed to respond to its requests for admission and therefore has, in effect, conceded that she failed to act timely at the three stages in question.

7

**5:07-cv-1612 Notice electronically mailed to:**

James A. Scharf james.scharf@usdoj.gov, mimi.lam@usdoj.gov

**Counsel is responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

**Notice mailed to:**

Corretta R. Baker
269 Reservation Road, Apt# 208
Marina, CA 93933